Filed 24-CI-00826 06/04/2024 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT

07/01/2024 08:19:49 AM

84997-5

Commonwealth of Kentucky
Hardin Circuit Court
Case No. _______
Div. ______

Austin Alexander PLAINTIFF

v. **CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND**

Southern Financial Life Ins. Co. DEFENDANT

Serve:
Corporate Creations Network, Inc.
101 N. Seventh St.
Louisville, KY 40202

* * * * *

## INTRODUCTION

1. This is a class action complaint for damages for Southern Financial Life Ins. Co.'s ("Southern's") violations of the Kentucky's Consumer Protection Act ("KCPA"), KRS 367.110 *et seq*.; unjust enrichment; and for Southern's violations of KRS 304.12-010 which, among other things, prohibits unfair or deceptive acts or practices in the business of insurance. Plaintiff's complaint seeks actual damages, statutory damages, litigation costs and attorneys' fees, and punitive damages on behalf of himself and of a class of similarly situated consumers.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises under KRS 367.220 and KRS 23A.010. Venue is proper because Plaintiff lives and resides in Hardin County, Ky, and because all or most of the relevant events as alleged below occurred in Hardin County, Ky., which is located within this Circuit.

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

COM : 000001 of 000009

Filed 24-CI-00826 06/04/2024 Deanna Simcoe, Hardin Circuit Clerk

Filed 24-CI-00826 06/04/2024 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT 07/01/2024 08:19:49 AM 84997-5

## PARTIES

3. Plaintiff Austin Alexander is a natural person who resides in Hardin County, Ky. Mr. Alexander is a "consumer" within the meaning of the FCRA and a "person" within the meaning of the KCPA.

4. Defendant, Southern, is a Kentucky licensed insurance provider with its principal place of business at 105 Public Square, Scottsville, Kentucky 42164. Southern is a "person" within the meaning of the KCPA.

5. As a Kentucky licensed insurance provider, Southern is bound by Kentucky statutes regulating the business of insurance, including, but not limited to, KRS 304.12-010.

## STATEMENT OF FACTS

6. Southern is a Kentucky insurance company that provides essentially worthless credit life insurance in connection with high interest, predatory loans. In Mr. Alexander's case, Southern provided credit life insurance as a worthless addon product to a high-interest loan provided by Heights Finance Corp. ("Heights").

7. As explained by a report from the PEW Charitable Trusts:

> Credit insurance increases the cost of borrowing by more than a third while providing minimal consumer benefit. Customers finance credit insurance premiums because the full amount is charged upfront rather than monthly, as with most other insurance. **Purchasing insurance and financing the premiums adds significant costs to the loans, <u>but customers pay far more than they benefit from the coverage</u>, as indicated by credit insurers' extremely low loss ratios—the share of premium dollars paid out as benefits**. These ratios are considerably lower than those in other insurance markets and in some cases are less than the minimum required by state regulators.
>
> * * * * *
>
> Although installment loans are generally considered unsecured because they are not purchase-money loans, such as those used to


Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

COM : 000002 of 000009

Filed 24-CI-00826 06/04/2024 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT 07/01/2024 08:19:49 AM 84997-5

> buy a home, vehicle, or other goods, most large national lenders do secure some loans with nonessential household goods, such as computers, appliances, and lawnmowers, and/or auto titles. For instance, one company that offers small loans secured 20 percent of its portfolio by volume with vehicles, and another that issues larger loans secured 43 percent with collateral. Similarly, 83 percent of loans issued in North Carolina in 2015 were secured by vehicles or personal property. In the contracts reviewed for this analysis, most loans also were secured with household goods or vehicle titles.
>
> These collateral items offer little in resale value, and lenders usually do not attempt to seize household goods in the event of default. Instead, **the goods serve primarily to reduce the risk of default by giving lenders leverage to sell certain insurance products, particularly nonfiling or property, and to threaten repossession to compel repayment**. [1]

8. On June 30, 2023, Mr. Alexander applied for and received a personal loan from Heights.

9. The making of the Heights Loan consists of "trade" or "commerce" within the meaning of the KCPA.

10. Mr. Alexander used the proceeds from the Heights Loan for personal, family, and/or household purposes.

11. Mr. Alexander is current on his payments on the Heights Loan.

12. Mr. Alexander financed $9,613.04 under the Heights Loan, which included financing of credit-life insurance policy bound by Southern with a premium of $306.93 and a credit-disability policy with a premium of $607.51. A true and accurate copy of the Heights Loan and the Southern insurance policy is attached as Exhibit "A".

13. Insurance companies like Southern that sell insurance in connection with

[1] *State Laws Put Installment Loan Borrowers at Risk*, https://www.pewtrusts.org/-/media/assets/2018/10/installment-loans_report.pdf (bolding and underlining added).



Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

COM : 000003 of 000009

Filed 24-CI-00826 06/04/2024 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 07/01/2024 08:19:49 AM 84997-5

consumer loans must comply with Kentucky's credit-life and credit health insurance statutes. KRS 304.19-010 ("All life insurance and all health insurance in connection with loans or other credit transactions shall be subject to the provisions of this subtitle...").

14. KRS 304.19-080(3)(a) provides:

> Credit-life insurance. The premium rates set forth hereunder, or actuarially equivalent, shall not exceed:
>
> 1. For decreasing term credit-life insurance, a single premium of sixty cents ($0.60) per annum per one hundred dollars ($100) of scheduled indebtedness, or sixty-five cents ($0.65) per annum per one hundred dollars ($100) of scheduled indebtedness if dismemberment benefits are included in the policy;
>
> 2. Single premium rates for indebtedness repayable in monthly installments other than twelve (12) in number shall not exceed one-twelfth (1/12) of the above premium rate multiplied by the number of full months in the scheduled period;

15. Consequently, the maximum premium Southern could charge Mr. Alexander for purchase of credit-life insurance was $249.93 ($9,613.04 (total scheduled indebtedness)/$100 x $0.65 (maximum rate per $100 for decreasing life with dismemberment coverage) x 4 years (loan and insurance policy length)).

16. Therefore, Southern overcharged Mr. Alexander $56.90 for the credit-life insurance policy ($306.93 (the premium charged) - $249.93).

17. Southern violated the KCPA and KRS 304.12-010 by charging more for credit life coverage than permitted by law.

**CLASS ALLEGATIONS**

18. Plaintiff Austin Alexander brings this action individually and as a proposed class action on behalf of all similarly situated United States consumers comprised of the following class of persons:


Filed 24-CI-00826 06/04/2024 Deanna Simcoe, Hardin Circuit Clerk
Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

COM : 000004 of 000009

NOT ORIGINAL DOCUMENT
07/01/2024 08:19:49 AM
84997-5

**A. Class I: Violation of the KCPA**

All consumers to whom Southern sold a credit-life insurance policy within the last two (2) years of the filing of this complaint in which the premium for the credit-life insurance exceeds the cap set forth in KRS 304.19-080(3)(a).

**B. Class II: Violation of KRS 304.12-010**

All consumers to whom Southern sold a credit-life insurance policy within the last ten (10) years of the filing of this complaint in which the premium for the credit-life insurance exceeds the cap set forth in KRS 304.19-080(3)(a).

**C. Class II: Unjust Enrichment**

All consumers to whom Southern sold a credit-life insurance policy within the last five (5) years of the filing of this complaint in which the premium for the credit-life insurance exceeds the cap set forth in KRS 304.19-080(3)(a) and who paid the subject creditor enough under the underlying loan to at least cover the amount of the credit-life insurance premium.

19. This action seeks actual and punitive damages under the KCPA and for unjust enrichment against Defendant, and actual damages for Defendant's violation of Kentucky's KRS 304.12-010 for Mr. Alexander and all members of the proposed Classes.

20. The proposed Classes as set out supra which is represented by Austin Alexander in this proposed class action and of which he himself is a member consists of those persons as defined supra and which the members of the proposed Class are so numerous that joinder of individual members is impracticable.

21. Austin Alexander's claims in this proposed class action are typical of the claims of the proposed Classes as set out supra.

22. There are common questions of law and fact applicable to the members of the proposed Classes in this proposed class action that relate to and affect the rights of each member of the proposed Classes.

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)
COM : 000005 of 000009

Filed 24-CI-00826 06/04/2024 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 07/01/2024 08:19:49 AM 84997-5

23. The relief sought for Austin Alexander is common to the members of the proposed classes and all members of the proposed Classes have the same issues of law in common whether Southern violated the KCPA and/or KRS 304.12-010 by charging a premium for credit-life insurance that exceeds the statutory cap, and whether Southern was unjustly enriched by retention of insurance premiums that exceed the statutory cap.

24. There is no known conflict between Plaintiff and any other members of the proposed Classes with respect to this action or with respect to the claims for relief herein set forth.

25. Plaintiff is the representative party for the proposed Classes and is able to, and will, fairly and adequately protect the interest of each of the proposed Classes.

26. Plaintiff's attorneys are experienced and capable in the field of litigating violations of consumers' rights.

27. Plaintiff's attorneys have successfully represented other claimants in similar class action litigation.

28. The action is properly maintained as a class action in that the prosecution of separate actions by individual members of the proposed Classes would create a risk that individual adjudications could be dispositive of the interests of other members not a party to such adjudication or could substantially impair or impede their ability to protect their interest.

29. This action is properly maintained as a class action because the prosecution of separate actions by individual members of the proposed Classes would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendant.

30. This action is properly maintained as a class action inasmuch as the questions of law and fact common to the proposed class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)
COM : 000006 of 000009


Filed 24-CI-00826 06/04/2024 Deanna Simcoe, Hardin Circuit Clerk

Filed 24-CI-00826 06/04/2024 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 07/01/2024 08:19:49 AM 84997-5

adjudication of the controversy; the relief sought by all members of the proposed Classes will be effective and appropriate for the entirety of each proposed class; and all members of the proposed Classes have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

31. The identity of each individual member of the proposed Classes can be ascertained from the books and records maintained by Defendant.

32. Because many of the persons who comprise the proposed Classes in this case may not be aware of their rights, or may not be in a financial position to readily assert their rights, and¬ because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

**CLAIMS FOR RELIEF**

**I. Violations of the KCPA**

33. The foregoing acts and omissions by Southern violate the KCPA.

34. Southern's binding of the foregoing insurance coverage constitutes "trade" and "commerce" within the meaning for the KCPA.

35. Selling and financing credit-life insurance policy that exceeds the maximum permitted rate is an unfair, false, misleading, or deceptive act or practice in the conduct of any trade or commerce that is unlawful under KRS 367.170.

36. Mr. Alexander suffered real and ascertainable losses from Southerns' violations of the KCPA, including but not limited to paying insurance premium to Southern in violation of Kentucky statutes regulating the premium amount on such policies.

37. Mr. Alexander is a natural person within the meaning of the KCPA.


Filed 24-CI-00826 06/04/2024 Deanna Simcoe, Hardin Circuit Clerk
Presiding Judge: HON. JOHN DAVID SIMCOE (609410)
COM : 000007 of 000009

Filed 24-CI-00826 06/04/2024 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 07/01/2024 08:19:49 AM 84997-5

38. Mr. Alexander has a claim against Southern under KRS 367.220, which gives him the right to recover his ascertainable damages, plus his costs, plus reasonable attorney's fees to be determined by the Court, and punitive damages.

**B. Violation of KRS 304.12-010**

39. The foregoing acts and omissions by Southern violate KRS 304.12-010.

40. Southern's binding of the foregoing insurance coverage constitutes "trade" and "commerce" within the meaning of KRS 304.12-010.

41. Southern violated KRS 304.12-010 by charging Mr. Alexander an amount for a credit-life insurance policy that exceeds the maximum allowable premium. Southern's deliberate overcharging Mr. Alexander for the subject insurance coverage amounts to unfair and deceptive acts or practices in the business of insurance as stated in KRS 304.12-010.

42. Mr. Alexander has a claim against Southern under KRS 304.12-010, which gives him the right to recover his ascertainable damages, plus his costs, plus reasonable attorney's fees to be determined by the Court, and punitive damages.

**C. Unjust Enrichment**

43. The foregoing acts and omissions by Southern constitute unjust enrichment under Kentucky law.

44. Southern charged Mr. Alexander and the members of Class II for credit-life insurance a premium amount that exceeds the maximum amount permitted by law.

45. Heights has been unjustly enriched by retention of premium payments for the excessive credit-life insurance policy.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Austin Alexander on behalf of himself and as class

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)
COM : 000008 of 000009


Filed 24-CI-00826 06/04/2024 Deanna Simcoe, Hardin Circuit Clerk

Filed 24-CI-00826 06/04/2024 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 07/01/2024 08:19:49 AM 84997-5

representative on behalf of the proposed Class the Court grant relief as follows:

a. Award actual damages to Mr. Alexander and to each member of all Classes;

b. Award punitive damages to Mr. Alexander and all members of Classes I and III;

c. Award Mr. Alexender and all members of Class I their attorney's fees, litigation expenses and costs in prosecuting this action as provided by the KCPA under KRS 367.220;

d. Trial by jury; and

e. Such other relief as may be just and proper.

Submitted by:

/s/ James H. Lawson
James H. Lawson
*Lawson at Law, PLLC*
P.O. Box 1286
Shelbyville, KY 40066
Tel: (502) 473-6525
Fax: (502) 473-6561
james@lawsonatlaw.com

And

*/s/David W. Hemminger*
David W. Hemminger
Hemminger Law Office, PSC
331 Townepark Cir., Ste. 100-C
Louisville, KY 40243
Tel: 502.443.1060
hemmingerlawoffice@gmail.com

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

COM : 000009 of 000009



Filed 24-CI-00826 06/04/2024 Deanna Simcoe, Hardin Circuit Clerk

Filed 24-CI-00826 06/04/2024 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT
07/01/2024 08:20:25 AM
84997-5

# Exhibit A

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)
EXH : 000001 of 000002
Filed 24-CI-00826 06/04/2024 Deanna Simcoe, Hardin Circuit Clerk

Filed 24-CI-00826 06/04/2024 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT 07/01/2024 08:20:25 AM 84997-5

Date: 06/29/2023
Amount Requested $ 5,000.00
Application Taken: ( ) In person (X) By telephone ( ) By mail ( ) E-mail, Web-site or electronically
Proceeds of Credit To be Used for BILLS/CONSOL

HEIGHTS FINANCE CORPORATION
2410 RING ROAD SUITE 600
ELIZABETHTOWN, KY 42701
(270) 360-0084
Fax:

# LOAN APPLICATION

Lender # 5023-0000034647

APPLICANT -- Please read the following before completing this form. Married applicants may apply for an individual account. I am applying for ( X ) INDIVIDUAL CREDIT; (NOTE: Married Wisconsin Residents may, but are not required to, include spousal income here if they wish for it to be used as a basis for determining creditworthiness) ; or ( ) JOINT CREDIT we intend to apply for joint credit

Applicant ______ Co-Applicant ______

**APPLICANT INFORMATION**

| Name (Last, First, Middle I.) | Home Phone | Cell Phone | Date of Birth |
|---|---|---|---|
| ALEXANDER, AUSTIN LEE | | (502) 260-4639 | 09/07/1984 |

| Street Address | City, State, Zip | How Long? |
|---|---|---|
| 545 LONG VALLEY LN | IRVINGTON, KY 40146 | 38 years |

| Former Address (if current address is less than 2 years) | E-mail Address |
|---|---|
| 5284 N DIXIE HY , ELIZABETHTOWN, KY 42701 | AUSTIN2037.AA@GMAIL.COM |

| Marital Status -- Do not complete if this is an application for individual unsecured Credit ( ) Married ( ) Unmarried ( ) Separated | Social Security Number | Drivers License Number |
|---|---|---|
| | 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 | A00-459-733 KY |

Employer Name and Address: UPS

| Phone Number | Position/Department | Length of Employment | Other Income Source(s): Alimony, child support, or separate maintenance income need not be revealed if you do not wish to have it considered as a basis for repaying this obligation. |
|---|---|---|---|
| | | 6.08 | $ |

| Gross Monthly Income | Net Monthly Income (Take Home Pay) | Former Employer (if less than 5 years) |
|---|---|---|
| $ 8,000.00 | $ 6,518.33 | |

**CO-APPLICANT INFORMATION**

| Name (Last, First, Middle I.) | Home Phone | Cell Phone | Date of Birth |
|---|---|---|---|
| | | | |

| Street Address | City, State, Zip | How Long? |
|---|---|---|
| | | years |

| Former Address (if current address is less than 2 years) | E-mail Address |
|---|---|
| | |

| Marital Status -- Do not complete if this is an application for individual unsecured Credit ( ) Married ( ) Unmarried ( ) Separated | Social Security Number | Drivers License Number |
|---|---|---|
| | | |

Employer Name and Address:

| Phone Number | Position/Department | Length of Employment | Other Income Source(s): Alimony, child support, or separate maintenance income need not be revealed if you do not wish to have it considered as a basis for repaying this obligation. |
|---|---|---|---|
| | | | $ |

| Gross Monthly Income | Net Monthly Income (Take Home Pay) | Former Employer (if less than 5 years) |
|---|---|---|
| $ | $ | |

## Assets

| | Amount | A / C / B A=Applicant C=Co-Applicant B= Both |
|---|---|---|
| Applicant Live with Parents — Payments per Month $ | | |
| Co-Applicant — Payments per Month $ | | |
| Home 545 LONG VALLEY LN, IRVINGTON, KY 40146 | $ | |
| 2nd Home / Vacation Property | $ 0.00 | |
| Rental Property | $ 0.00 | |
| Land | $ 0.00 | |
| Total Real Estate | $ 0.00 | |
| Auto 1 Description GM Year Make Model 2020 HYUNDAI PALISADE | $ 0.00 | [A] Applicant |
| Auto 2 Description 210K Year Make Model 2003 GMC SIERRA | $ 0.00 | [A] Applicant |
| Auto 3 Description Year Make Model | $ 0.00 | |
| Other Motor Vehicles or Equipment | $ 0.00 | |
| Life Insurance Policies | $ 0.00 | |
| Bank/ Credit Union Accounts Checking ABOUND CREDIT UNION | $ 0.00 | [A] Applicant |
| Bank/Credit Union Accounts - Savings/ Certificates of Deposit/ 401K | $ 0.00 | |
| Trust accounts/ Annuities/ Stocks & Bonds | $ 0.00 | |
| Other | $ 0.00 | |

Have you ever declared bankruptcy in the past 14 years? (Applicant)
( ) Yes ( X ) No

Have you ever declared bankruptcy in the past 14 years? (Co-Applicant)
( ) Yes ( ) No

If physical damage insurance is required in connection with the collateral securing this loan,
☐ I/We can provide proof of insurance listing Heights Finance Corporation as loss payee at the closing of the loan.
☐ I/We cannot provide proof of insurance listing Heights Finance Corporation as loss payee and I/we will obtain insurance through Heights Finance Corporation or any person of my choice, listing Heights Finance Corporation as loss payee, provided the insurance company is reasonably acceptable to Heights Finance Corporation.
If neither checkbox is checked, physical damage insurance is not required in connection with the collateral securing the loan, and this section is not applicable.

Total Assets $ 0.00


Distribution Instructions -- File Copy

10134-1
HFC 168 (7/14)

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

EXH : 000002 of 000002

Filed 24-CI-00826 06/04/2024 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT 07/01/2024 08:21:30 AM 84997-5

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Case #: **24-CI-00826**
Court: **CIRCUIT**
County: **HARDIN**

# CIVIL SUMMONS

*Plantiff,* **ALEXANDER, AUSTIN VS. SOUTHERN FINANCIAL LIFE INS. CO.**, *Defendant*

TO: **SOUTHERN FINANCIAL LIFE INS. CO.**
**105 PUBLIC SQUARE**
**SCOTTSVILLE, KY 42164**

Memo: Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **6/4/2024**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ____________________, 20______

______________________________
Served By

______________________________
Title

Summons ID: @00000385161
CIRCUIT: 24-CI-00826 Return to Filer for Service
ALEXANDER, AUSTIN VS. SOUTHERN FINANCIAL LIFE INS. CO.





eFiled

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

CI : 000001 of 000001

AOC-E-105 Sum Code: CI
Rev. 9-14

NOT ORIGINAL DOCUMENT 07/01/2024 08:22:06 AM 84997-5

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1




Case #: **24-CI-00826**
Court: **CIRCUIT**
County: **HARDIN**

# CIVIL SUMMONS

*Plantiff,* **ALEXANDER, AUSTIN VS. SOUTHERN FINANCIAL LIFE INS. CO.**, *Defendant*

TO: **CORPORATE CREATIONS NETWORK, INC.**
**101 NORTH SEVENTH ST.**
**LOUISVILLE, KY 40202**

Memo: Related party is SOUTHERN FINANCIAL LIFE INS. CO.

The Commonwealth of Kentucky to Defendant:
**SOUTHERN FINANCIAL LIFE INS. CO.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **6/4/2024**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ____________________, 20______

______________________________
Served By

______________________________
Title

Summons ID: @00000385162
CIRCUIT: 24-CI-00826 Return to Filer for Service
ALEXANDER, AUSTIN VS. SOUTHERN FINANCIAL LIFE INS. CO.





eFiled

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

CI : 000001 of 000001